IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 13-cv-02054-REB-BNB

IN RE: Application of Adam Kegel, Petitioner, for an Order to Conduct Discovery for Use in a Foreign Proceeding Against National Bank of Canada, Defendant, Pending in Superior Court Canada Province of Quebec, District of Montreal

_____

**ORDER**

_____

This matter arises on the **Application to Take Discovery Pursuant to 28 U.S.C. § 1782** [Doc. # 1, filed 8/1/2013] (the "§1782 Motion"), which is GRANTED.

The applicant ("Kegel") asserts that he is a plaintiff in a "proposed securities class proceeding brought against National Bank of Canada on behalf of all investors of Poseidon Concepts. . . ." §1782 Motion [Doc. # 1] at ¶6. Kegel seeks leave under 28 U.S.C. § 1782 to serve a subpoena duces tecum on Brian Swendsen, a former Poseidon employee, alleging that Mr. Swendsen "possesses knowledge and information pertaining to Applicant's claims against National Bank of Canada." Id. at ¶12. In support of the §1782 Motion, Kegel asserts that he has met the statutory prerequisites of 28 U.S.C. § 1782 by demonstrating that (1) he is an interested party with respect to a foreign proceeding; (2) the person from whom the discovery is sought is a resident of the District of Colorado; and (3) the discovery is sought for use in a proceeding in a foreign or international tribunal. Id. at ¶¶18, 20-22.

The §1782 Motion is opposed by National Bank of Canada ("NBC"). Although NBC concedes that Kegel has met the statutory prerequisites, Opposition Brief [Doc. # 10] at p. 4 n.2, it argues that "Kegel failed, however, to recite the most relevant factor: 'whether the request is

an attempt to circumvent foreign discovery restrictions.'" Id. at p. 4.[1] According to NBC, Kegel is precluded by Quebec's law and discovery rules from conducting the discovery he seeks:

> [The] Application . . . is an improper attempt to circumvent Quebec's clearly established discovery rules. Quebec law dictates that a party may not institute a class action without prior authorization by a Quebec tribunal. Unless and until that tribunal has authorized the class action, no party may conduct discovery without court approval. Kegel neither awaited the Quebec Superior Court's determination of whether to authorize his proposed class action nor requested approval from that court to conduct early discovery. Instead, Kegel applied to this Court to take discovery for use in the Quebec Litigation in an attempt to skirt discovery restrictions that would prohibit discovery in Quebec.

Id. at p. 1. These assertions are supported by the Sworn Declaration of Sebastien C. Caron [Doc. # 10-1] (the "Caron Decl.").

Kegel has a different view of Quebec law:

> Counsel and NBC misstate the law of Quebec. Contrary to the Caron Declaration . . ., Section 1002 does not require pre-approval of discovery requests in this circumstance. Because the Quebec Action is in the "pre-certification stage," evidence, obtained abroad, may be used in a motion for certification with permission of the judge. . . .
>
> The crucial fact that NBC ignores is that Quebec law distinguishes between the collection of evidence, which is permissible, with the use of that evidence, which is subject to the Court's discretion. Indeed, a Canadian court generally will be reluctant to prevent

---

[1] See In re Application of Michael Wilson & Partners, Ltd., 2007 WL 2221438 (D. Colo. July 7, 2007) at *3 (stating that after a petitioner meets the statutory requirements of § 1782, a court should consider additional factors including "(1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdicion of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the requests are unduly intrusive or burdensome").

2

> someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts.

Response [Doc. # 11] at ¶¶2-3 (internal quotation and citation omitted).

Under similar circumstances, the court in <u>Euromepa, S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1099 (2d Cir. 1995), reversed the district court's order, which had disallowed discovery requested under §1782 as "an unwarranted intrusion into France's system of evidence gathering," holding:

> We do not believe that an extensive examination of foreign law regarding the existence and extent of discovery in the forum country is desirable in order to ascertain the attitudes of foreign nations to outside discovery assistance.
>
> \* \* \*
>
> We . . . conclude that the district court's analytic approach promoted the very thing that section 1782 was intended to avoid. The record reveals that this litigation became a battle-by-affidavit of international legal experts, and resulted in the district court's admittedly "superficial" ruling on French law.  We think that it is unwise--as well as in tension with the aims of section 1782--for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law.

(Internal quotations and citations omitted.)

NBC is a party to the Quebec Action, as is Kegel.  If the discovery requested here is prohibited by Quebec law and practice, NBC can seek relief there.  I do not intend to venture into the niceties of that jurisdiction's practice on the conflicting record before me, nor should I.

IT IS ORDERED:

(1)     The §1782 Motion [Doc. # 1] is GRANTED;

(2)     The Applicant is granted leave to conduct discovery from Brian Swendsen pursuant to 28 U.S.C. § 1782;

(3) Michael J. Guyerson and the law firm of Onsager, Staelin and Guyerson, LLC, may issue the Subpoena [Doc. # 1-1] for (a) the deposition of Brian Swendsen, which deposition shall be conducted on reasonable notice to the deponent and all parties to the Quebec Action and in accordance with the Federal Rules of Civil Procedure; and (b) the production of requested documents at or before the date and time of the deposition.  For these purposes, local rule of practice 30.1A, D.C.COLO.LCivR, is modified to provide that "reasonable notice" for the taking of a deposition shall be not less than five business days;

(4) Michael J. Guyerson and the law firm of Onsager, Staelin and Guyerson, LLC, is appointed to issue, sign, and oversee service of the subpoena on Brian Swendsen;

(5) Applicant's American or Canadian counsel may question Mr. Swendsen at the deposition, which shall not exceed one day of seven hours; and

(6) Any other party to the Quebec Action may appear at the deposition of Mr. Swendsen and, through counsel, question him.

Dated August 20, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge